**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: FLAT GLASS ANTITRUST | ) No. 8-180 |
| LITIGATION (II) | ) MDL No. 1942 |

_____

| | |
|---|---|
| This document relates to: | ) No. 11-658 |
| JELD-WEN, INC. v. AGC AMERICA, et al., | ) |

## OPINION AND ORDER

### SYNOPSIS

Before the Court is Defendants' Motion to Amend the November 1, 2012 Opinion and Order denying summary judgment, in order to include a certification for interlocutory appeal. Defendants seek such certification for the limited question of whether I applied the correct standard for summary judgment in a horizontal price-fixing case that is not based on direct evidence of conspiracy.

### OPINION

## I.   APPLICABLE STANDARDS

An interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is appropriate if the Court is "of the opinion that such order [sought to be appealed] involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."   "Substantial grounds" for difference of opinion" must arise out of genuine doubt as to the correct legal standard, such as conflicting precedent.  Koerner v. Hankins, No. 11-492, 2012 U.S. Dist. LEXIS 17743, at *3 (W.D. Pa. Feb. 13, 2012).   In other words, Section 1292 was "not designed to secure appellate

review of factual matters or of the application of the acknowledged law to the facts of a

particular case." Glover v. Udren, No. 8-990, 2011 U.S. Dist. LEXIS 83837, at *5 (W.D. Pa.

June 30, 2011).  The party seeking interlocutory appeal bears the burden of demonstrating that

all three factors of Section 1292 are met.  Id. at *4.

> Interlocutory appeals are "used sparingly" and only in "exceptional
> cases." "The party seeking interlocutory review has the burden of persuading the
> court that exceptional circumstances exist that justify a departure from the basic
> policy of postponing appellate review until after the entry of final judgment."
> The decision whether or not to grant certification is entirely within the district
> court's discretion, and "even if all three criteria under Section 1292(b) are met,
> the district court may still deny certification."

Krishanthi v. Rajaratnam, No. 9-5395, 2011 U.S. Dist. LEXIS 53470, 8-9 (D.N.J. May 18, 2011)

(citations omitted).   Moreover, a critical factor is whether an interlocutory appeal would cause

excessive delay.  Stanziale v. Kantrowitz, No. 10-4529, 2011 U.S. Dist. LEXIS 11492, at *11

(D.N.J. Feb. 4, 2011).

## II.  DEFENDANTS' MOTION

First, I address Defendants' contention that the law within this Circuit is unsettled.  They

contrast Race Tires Am., Inc. v. Hoosier Racing Tire Corp., 614 F. 3d 57 (3d Cir. 2010) and

Superior Offshore Int'l, Inc. v. Bristow Group, No. 11-3010, 2012 U.S. App. LEXIS 15539 (3d

Cir. July 27, 2012),[1] with Nelson v. Pilkington PLC, 385 F. 3d 350, 357 (3d Cir. 2004) ("Flat

Glass I") and Petruzzi's IGA v. Darling-Delaware, 998 F.2d 1224, 1230 (3d Cir. 1993).  In brief,

according to Defendants, Race Tires and Superior Offshore  require that a plaintiff proffer

evidence more consistent with conspiracy than lawful conduct in order to overcome judgment,

while the latter two cases suggest that Plaintiff need only state a "plausible" theory of conspiracy

to reach a jury.

---

[1] Race Tires stated that evidence "as consistent with permissible competition as [with] illegal conspiracy,…standing
alone, fails to support an inference of illegal conspiracy,"

These cases, however, are not inconsistent.   In Petruzzi's, the Court addressed the plausibility of a plaintiff's theory as an initial factor in the context of the type of evidence and allowable inferences that will be required to overcome judgment; it did not conclude that a plausible theory alone precludes judgment.  Petruzzi's, 998 F. 2d at 1232-34.  Indeed, the Court also recognized that the evidence must tend to exclude the possibility of independent action, and that mere conscious parallelism is insufficient – as reflected by the "plus factors" that appear in this Circuit's jurisprudence.  Id. at 1232.  In Flatglass I, the Court addressed plausibility in the same context.  While Flatglass I does not explicitly parrot the equation urged by Defendants, nor does it make any ruling or pronouncement incompatible with that requirement.  Indeed, Superior Offshore reiterates the same concept of plausibility enunciated in these earlier cases.

Neither case, therefore, is inconsistent with the proposition that Defendants advance as the majority approach – i.e., that something more than evidence equally suggestive of illegal and legal activity is required to overcome summary judgment.  Neither case suggests that judgment for defendants is inappropriate if evidence is plausibly consistent with both legal and illegal action, which is the minority approach that Defendants ascribe to the Second and Ninth Circuits. I discern no patent or significant internal inconsistency in our Court of Appeals' line of oligopoly cases.  The Third Circuit Court of Appeals has made clear that it follows Matsushita's certain pronouncement, which was quoted in my November 1 Opinion, that "[c]onduct as consistent with permissible competition as with illegal conspiracy does not, standing alone, support an inference of antitrust conspiracy."   Matsushita, 106 S. Ct. at 1356.  Controlling authority is not uncomplicated, but it is also not unsettled.

Next, Defendants contend that I came down on the wrong side of the conflicting and confusing precedent, and concluded that the existence of evidence equally consistent with lawful conduct and conspiracy precludes summary judgment.[2]    They point to the November 1 Opinion's reference, for example, to cases from the Seventh Circuit Court of Appeals.  I cited primarily to portions of those cases, however, regarding a court's role in summary judgment – which reflect well-settled principles that apply to all summary judgment inquiries.  I did not adopt the views of those courts regarding the quantum of proof required in oligopoly cases. Instead, I cited to and followed the substantive pronouncements set forth by the Court of Appeals for the Third Circuit, as well as by the Supreme Court in <u>Matsushita</u>.   I did not merely find evidence equally applicable to lawful and unlawful conduct.  Instead, due to required judgments about credibility and motive, and the totality of the facts, I explicitly found that the "balance tip[ped] against summary judgment."   Thus, even assuming that disagreement with the interpretation adopted by this Court is grounds for interlocutory appeal, Defendants' characterization of the applied standard is inaccurate.

## CONCLUSION

No doubt Defendants' Motion was, in part, encouraged by my evident ambivalence about the ultimate outcome of the November 1 Order.  That discomfort, however, arose from the law applied to the facts at hand, and the weaknesses in Plaintiffs' case, rather than from unsettled or conflicting legal precedent.  Defendant's concerns about applicable standards are well taken, and their Motion well done -- like many courts and commentators, I recognize the difficulties that the standards produce in the "conscious parallelism" oligopoly context.   Nonetheless, my finding

---

[2] As an aside, Defendants assert that I converted Plaintiff's expert's conclusion into a fact that precluded summary judgment.  Instead, however, I noted that the experts' opinions – based on reviews of the market and other facts – left unsettled the issue of whether the price increases were rational or justified, which in turn bears on whether the Defendants' actions could be seen as lawful or unlawful.

that the facts did not warrant summary judgment, albeit made under difficult standards and difficult facts, is not suitable for interlocutory appeal.   In sum, this case does not present the exceptional circumstances necessary to justify certification pursuant to Section 1292, and Defendants' Motion will be denied.

An appropriate Order follows.

**ORDER**

AND NOW, this 10th day of January, 2013, it is hereby ORDERED, ADJUDGED, and DECREED that Defendants' Motion to Amend/Correct Order [110] is DENIED.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court