IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: FLAT GLASS ANTITRUST LITIGATION | ) Misc. 9-180 <br> ) MDL No. 1942 |
| -------------------------------------------------- | ) |
| This document relates to: <br> JELD-WEN, INC. v. AGC AMERICA, INC., et al. | ) <br> ) 11-658 |

**MEMORANDUM ORDER**

Before the Court is Defendant's Motion to Compel discovery of a settlement agreement entered into by Plaintiff and dismissed Defendant PPG.  Defendant contends that the settlement amount is relevant as evidence of an offset to damages against the remaining Defendants, and as to potential bias or prejudice of PPG witnesses who might testify at trial.   Opposing the Motion, Plaintiff contends that it does not intend to call any PPG witnesses to trial, which will occur in Oregon, and that it is willing to produce the settlement agreement, if necessary, after a verdict is rendered in Oregon.

According to Federal Rule of Civil Procedure 26(b), "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action."   In turn, Federal Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Discovery must be "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  Fed. R. Evid. 408, which makes settlement agreements inadmissible under certain circumstances, rests on a strong policy of encouraging the settlement of disputes.  Sweeten v. Layson's Home Improvements, Inc., No. 4-2771, 2007 U.S. Dist. LEXIS 28826, at *7 (M.D. Pa. Apr. 19, 2007).  Thus, "the principles underlying Fed. R. Evid.

1

408 and Fed. R. Civ. P. 26 are in conflict." Fidelity Fed. Sav. & Loan Ass'n v. Felicetti, 148 F.R.D. 532, 534 (E.D. Pa. 1993).

> The mere fact that settling parties have agreed to maintain the confidentiality of their agreement does not automatically serve to shield the agreement from discovery. We note that several courts have addressed the question of whether a non-settling party should have access to a settlement agreement that is confidential by agreement of the signatories, as is the case here. "None of these courts have blithely permitted discovery, but rather require some heightened showing of relevance or need."

Sippel Dev. Co. v. W. Sur. Co., No. 5-46, 2007 U.S. Dist. LEXIS 27644, at *6 (W.D. Pa. Apr. 13, 2007) (citations omitted).

Because public policy favors the settlement of disputes, courts have imposed on the party seeking discovery of a confidential settlement agreement the burden "to make a particularized showing 'that the documents relating to the settlement negotiations are relevant and likely to lead to the discovery of admissible evidence.'" Key Pharmaceuticals, Inc. v. ESI-Lederle, Inc., No. 96-1219, 1997 U.S. Dist. LEXIS 13328, at *8 (E.D. Pa. Aug. 29, 1997).

In this case, neither of the grounds for Defendant's Motion is sufficiently compelling. First, although a confidential settlement agreement may be relevant to witness bias, Defendant contends only that the agreement at issue is relevant to the bias of "any PPG witnesses" that might be called at trial. Broad assertions, without more, are insufficient to obtain discovery of a confidential release. See Doe v. Methacton Sch. Dist., 164 F.R.D. 175, 176 (E.D. Pa. 1995). Moreover, Plaintiff has stated its intention not to call any PPG witnesses at trial. Second, Courts within this Circuit have refused to permit discovery of confidential settlement agreements on grounds that the amount will result in a set-off of damages, because set-off may be addressed after a verdict has been entered. Dutton v. Todd Shipyards Corp., No. 9-62916, 2009 U.S. Dist. LEXIS 107936 (E.D. Pa. Nov. 17, 2009). Although the extent of Defendant's liability is

certainly relevant to potential settlement, relevance to settlement negotiations is not relevant to the subject matter of the action, as contemplated by applicable rules and standards.

AND NOW, this 19th day of April, 2013, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Compel is DENIED.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court